IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRETT STEVEN STEMPEL, *Appellant.*

No. 1 CA-CR 24-0682

FILED 07-24-2026

Appeal from the Superior Court in Maricopa County
No. CR2020-146335-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph A. Newberg, II, Katherine Donaldson
*Counsel for Appellee*

Koplow Law Firm, Phoenix
By Lawrence S. Koplow
*Co-Counsel for Appellant*

Law Offices of John Penner, Scottsdale
By John Penner
*Co-Counsel for Appellant*

Law Offices of Rhonda Neff, PLLC, Phoenix
By Rhonda Elaine Neff
*Co-Counsel for Appellant*

---

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1　　　　Defendant Brett Steven Stempel appeals his convictions and resulting sentences for second-degree murder and endangerment. Stempel argues that, because he was denied the right to counsel, under the exclusionary rule, the superior court was required to either dismiss the charges or suppress blood draw evidence. This opinion addresses Stempel's argument that admission of the blood draw evidence was structural error and that the superior court's order addressing possible remedies in applying the exclusionary rule should be reviewed de novo.[1]

## FACTS[2] AND PROCEDURAL HISTORY

¶2　　　　At 2:15 p.m. one day in November 2020, Stempel was driving north on Third Street in Phoenix, approaching McDowell Road. Driving far faster than the 35 mile per hour speed limit, Stempel ran a red light and hit a car driven by the first victim. The force of that crash caused the first victim's car to hit a car driven by a second victim. The first victim later died from resulting injuries; the second victim was not injured. Stempel also was injured, including fracturing a hip, and he was taken to the hospital at about 2:25 p.m., accompanied by a Phoenix police officer.

¶3　　　　Soon after arriving at the hospital, Stempel's blood was drawn for medical purposes and without any law enforcement involvement. Testing later showed a blood alcohol content (BAC) of 0.336 for that first draw.

---

[1] Stempel's other arguments are addressed in a separate memorandum decision. *See* Ariz. R. Crim. P. 31.19(f); Ariz. R. Sup. Ct. 111(h).

[2] This court reviews the trial evidence in the light most favorable to sustaining the jury's verdicts. *See State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008) (citing cases).

¶4        A Phoenix police officer later obtained a search warrant for a second blood draw, which was taken at 5:34 p.m. Testing later showed a BAC of 0.274 for that second blood draw. Stempel was arrested and charged with one count of second-degree murder, a Class 1 dangerous felony, and one count of endangerment, a Class 6 dangerous felony.

¶5        After significant pretrial proceedings, Stempel moved to dismiss the charges or, alternatively, suppress the blood draw evidence. In ruling on those requests, the superior court ultimately concluded that Stempel was improperly denied his right to counsel before the second blood draw. The court noted that the Phoenix police officer asked a hospital social worker to not contact Stempel's family members and that Stempel "was considered in police custody and that the police would contact any family members as needed." The court concluded that a reasonable person in Stempel's position "would believe they were not free to leave or terminate the encounter" with the police, and that Stempel showed a violation of his right to counsel when the police did nothing to assist or facilitate his stated desire to speak with counsel.

¶6        Applying *State v. Rosengren*, 199 Ariz. 112 (App. 2000) and *State v. Rumsey*, 225 Ariz. 374 (App. 2010), analogous manslaughter cases, the superior court found that the violation of the right to counsel did not foreclose a fair trial. Noting Stempel was not prevented from collecting exculpatory evidence, the court denied Stempel's motion to dismiss the charges. As to suppression, the court noted the second blood draw was taken pursuant to a warrant. Ultimately concluding "there was no nexus between the deprivation of [Stempel's] right to counsel and the lawfully obtained blood evidence pursuant to the warrant," the court denied Stempel's motion to suppress.

¶7        After an eight-day trial, the jury found Stempel guilty as charged. After sentencing, Stempel filed this timely appeal.

## DISCUSSION

### I.    The Admission of the Blood Draw Evidence Was Not Structural Error.

¶8        Noting that alcohol in a person's body dissipates quickly, Stempel claims that his denial of counsel is "analogous" to the types of cases in which courts have found structural error. Neither *McNutt v. Superior Court*, 133 Ariz. 7 (1982) nor *Kunzler v. Pima County Superior Court*, 154 Ariz. 568 (1987), cited by Stempel for that proposition, hold that the denial of counsel in a similar context is structural error. Indeed, Stempel cites no

authority supporting his structural error argument, and this court is unaware of any. *See State v. Henderson*, 210 Ariz. 561, 565 ¶ 12 (2005) ("[T]here are 'relatively few instances in which we should regard error as structural.' Structural errors, as opposed to trial errors, are those which 'deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for guilt or innocence.'") (citing cases); *see also State v. Ring*, 204 Ariz. 534, 552-53 ¶ 46 (2003) (listing examples of structural error). Stempel has not shown that admission of the blood draw evidence was structural error.

## II. A Ruling Addressing Possible Remedies for a Violation of the Right to Counsel Implicating the Exclusionary Rule is Reviewed for an Abuse of Discretion.

¶9 Asserting de novo review applies, Stempel argues that the superior court's finding that he was improperly denied his right to counsel mandated that the superior court either dismiss the charges or suppress the blood draw evidence. During oral argument before this court, Stempel also argued dismissal or suppression was required because he was denied the right to independently gather his own evidence or obtain an independent forensic blood draw, even though the superior court found he could independently test both blood draws and had access to other evidence (including body camera recordings and observations by medical personnel).

¶10 In pressing these arguments, Stempel cites *Rumsey* for the proposition that this court should review de novo the denial of his requested dismissal or suppression. In opposition, the State cites *Rosengren* for the proposition that this court reviews the denial of the requested dismissal or suppression for an abuse of discretion, deferring to the superior court's factual findings but reviewing legal conclusions de novo.

¶11 Although *Rumsey* and *Rosengren* could be read to be in conflict on the point, generally applicable principles show that the abuse of discretion standard should be applied here. The denial of a motion to dismiss or to suppress is reviewed for an abuse of discretion. *See State v. Strong*, 258 Ariz. 184, 197 ¶ 22 (2024) (dismissal); *State v. Alvarez-Soto*, 261 Ariz. 21, 24 ¶ 13 (2025) (suppression). Similarly, a ruling on the admissibility of evidence is reviewed for an abuse of discretion. *See State v. Johnson*, 247 Ariz. 166, 186 ¶ 45 (2019). Although this court is not bound by the superior court's legal conclusions, *see Schwichtenberg v. State*, 190 Ariz. 574, 576 ¶ 12 (1997), a superior court's ruling will be affirmed if it is correct

for any reason, *see State v. Canez*, 202 Ariz. 133, 151 ¶ 51 (2002), *abrogated on other grounds by State v. Valenzuela*, 239 Ariz. 299, 303 ¶ 11 n.1 (2016).

¶12         Under the exclusionary rule, dismissing charges — the most drastic remedy — is not mandated. *See State v. Pecard*, 196 Ariz. 371, 379-80 ¶¶ 38-44 (App. 1999) (reversing dismissal and citing cases providing "[e]xamples of less drastic remedies"); *see also State v. Mitcham*, 258 Ariz. 432, 441 ¶ 33 (2024) (the exclusionary rule is applied only "where its deterrence benefits outweigh its 'substantial social costs'") (citing cases). Moreover, "suppression is not required unless a nexus exists between the violation and the evidence obtained." *Rumsey*, 225 Ariz. at 380 ¶ 16 (citation omitted). Where, as here, a defendant's right to counsel is violated, the superior court has discretion in fashioning an appropriate remedy. *See Pecard*, 196 Ariz. at 379 ¶ 38 (quoting *United States v. Morrison*, 449 U.S. 361, 365 (1981)). Exercising that discretion requires consideration of the defendant's constitutional rights as well as "society's interest in the administration of criminal justice," necessitating a narrowly tailored remedy "to avoid unnecessarily infringing on this societal interest." *Id.* (quoting *Morrison*).

¶13         Here, Stempel had a right to counsel to, among other things, advise him about whether to consent to blood testing. *State v. Stanley*, 217 Ariz. 253, 258 ¶24 (App. 2007) (citing cases). But Stempel was not asked to consent to blood testing. Accordingly, the question is whether the superior court fashioned an appropriate remedy in light of its finding that Stempel was denied his right to counsel for a period of time when he did not make any incriminating statements and was not asked to (and did not consent to) a blood draw. *See Rumsey*, 225 Ariz. at 378 ¶ 12. Reviewing the superior court's consideration of the appropriate remedy for an abuse of discretion, *Rosengren*, 199 Ariz. at 116 ¶ 9, this court affirms.

## CONCLUSION

¶14         Applying these standards, as set forth in the separate memorandum decision, Stempel's convictions and resulting sentences are affirmed.

MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR